## BANK OF ALABAMA *v.* LIVINGSTON.

Where the certificate of the clerk, appended to a transcript of the record of an action in another State, states that the document "is a full and complete transcript of the record and proceedings, executions and returns thereon, except the two first executions, which have not been returned," and it appears from the transcript itself that two other executions were issued subsequently to those stated not to have been returned, it will be presumed that the fact of the two first executions not having been returned was no obstacle to issuing the two last, and that the latter were issued according to the laws and practice in the State in which the judgment was rendered; and the transcript will be admitted in evidence.

APPEAL from the District Court of Morehouse, *Copley*, J. *McGuire* and *Ray*, for the plaintiffs. *R. W. Richardson* and *Sharp*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This action is brought on a judgment rendered by the Circuit Court of Tuscaloosa county, in the State of Alabama, in favor of the plaintiffs against the defendant and *Tristram B. Bethea*, for the sum of $950, and the further sum of $21 61, damages, together with costs.

The only question which the case presents for our decision is set forth in a bill of exceptions, taken by the defendant to the admission of the transcript of the record offered in evidence by the plaintiffs, on the ground that it is not a full and complete transcript as appears by the certificate of the clerk, which certifies that the document offered is a full and complete transcript of the record and proceedings, *executions, and returns thereon* by the sheriff, except the two first executions, which have not been returned. Subsequently, as appears by the transcript, there were two executions successively issued, which we are bound to presume would not have been done, except in due course of law according to the practice in the State of Alabama, and that the unreturned executions were no obstacle to the issuing of those which were subsequently issued. We do not consider this fact to be an objection to the admissibility of the transcript, which is properly certified and authenticated.

The record being properly in evidence, there is nothing in the pleadings by which the effect of the judgment itself can be impaired by the proceedings had under it, with one single exception. The defendant is entitled to a credit of $176 44, on the 6th of May, 1844, being the amount made under one of the executions. In this particular the judgment appealed from must be altered; and, as we on all occasions render our judgments in the simplest form, we at once impute that sum to the first interest due, and postpone the period from which the interest commences for a proportionate time, to wit, from April 3, 1837, till the 15th of July, 1839. By the laws of Alabama the plaintiffs are entitled to interest at eight per cent.

It is therefore decreed that the judgment appealed from be amended, so that the plaintiffs recover from the defendant the sum of $971 61, with interest thereon at eight per cent per annum from the 15th of July, 1839, and $13 56 costs; the plaintiffs paying the costs of this appeal, and the defendant those of the court below.